J-S54017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PAMELA SMALLIS | |
| Appellant | No. 1660 WDA 2015 |

Appeal from the PCRA Order September 1, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0015152-2012

BEFORE:  BENDER, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 7, 2016**

Pamela Smallis appeals, *pro se*, from the order entered in the Philadelphia County Court of Common Pleas, dated September 1, 2015, dismissing her second petition filed under the Post-Conviction Relief Act ("PCRA"),[1] without a hearing.  Smallis seeks relief from the judgment of sentence imposed on August 7, 2013, following her negotiated guilty plea to multiple counts of possession of child pornography, production of child pornography, endangering the welfare of children, and corruption of minors.[2] Smallis also filed a motion asserting a conflict of interest against the Office

---

[1]  42 Pa.C.S. §§ 9541-9546.

[2]   18 Pa.C.S.  §§  6312(d),  6312(b),  4304(b)(1),  and  6301(a)(1), respectively.

of the Attorney General. Because we agree the petition is untimely, we affirm the PCRA court's order. We also deny the motion of conflict of interest.

The facts and procedural history are as follows. On August 7, 2013, Smallis entered a negotiated guilty plea to 12 consolidated counts of possessing child pornography, 13 consolidated counts of production of child pornography, five counts of endangering welfare of children, and five counts of corruption of minors. That same day, the trial court sentenced Smallis to an aggregate term of two to four years' incarceration, with a consecutive period of three years' probation.[3] Smallis did not file post-sentence motions or a direct appeal. Her plea counsel filed a motion to withdraw, which was granted on October 25, 2013. The court then appointed the Allegheny County Public Defender's Office to represent Smallis.

On December 13, 2013, Smallis filed a timely PCRA petition, arguing plea counsel was ineffective for failing to adequately advise her about her post-sentence and direct appeal rights. After reviewing the matter, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without first conducting an evidentiary hearing on February 12, 2014. Specifically, the court found: "[I]t does not appear from the record that [Smallis] asked counsel to file post-sentence motions or an appeal.

---

[3] Her sentence was imposed to run consecutively to a two to four year term of incarceration in an unrelated case.

Furthermore, the record, including [Smallis]'s own statements, supports a finding that [Smallis] understood the nature of the plea agreement." Order of Court, 2/12/2014. Smallis did not respond to the notice. On March 10, 2014, the PCRA court issued an order dismissing her petition. Smallis appealed, and on October 22, 2014, a panel of this Court affirmed, concluding Smallis failed to plead sufficient facts in support of her claims alleging counsel's ineffectiveness, and therefore, the PCRA court did not err in denying her petition without a hearing. The Pennsylvania Supreme Court denied her petition for allowance of appeal on April 24, 2015. **See Commonwealth v. Smallis**, 108 A.3d 121 [562 WDA 2014] (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 2015 Pa. LEXIS 882 [537 WAL 2014] (Pa. 2015).

Subsequently, on July 27, 2015, Smallis filed the present, *pro se* PCRA petition, in which she asserted both the governmental interference and newly-discovered fact exceptions to the timeliness requirement.[4] On August 5, 2015, the PCRA court again issued a Rule 907 notice of its intent to dismiss the petition without first conducting an evidentiary hearing. Smallis filed a response to the notice on August 28, 2015. Nevertheless, on

---

[4] **See** 42 Pa.C.S. 9545(b)(1)(i), (ii).

September 1, 2015, the PCRA court dismissed Smallis's second PCRA petition as untimely filed.[5]  This appeal followed.[6]

Smallis raises the following issues for our review:

> 1. Did the court abuse it's [sic] discretion by dismissing a PCRA petition without an evidentiary hearing since the petition presented factual issues that could not be resolved without a special relief hearing[?]
>
> 2. Did the court deceive [Smallis] by withholding beknown information while [Smallis] had no court documents or discovery?  Did Jessica Herndon from the Public Defender's Office exersize [sic] ineffective and unprofessional conduct by not examining the contents of documents provided by the Courts and Attorney General's Office?  Did the Public Defender[']s Office err by not providing discovery and court documents when requested by [Smallis] through the Clerk of Courts?

_____

[5]  The order was not timestamped until two days later.

[6]  On November 3, 2015, the PCRA court ordered Smallis to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days.  Smallis's concise statement was received by the PCRA judge on November 30, 2015, and was filed with the Clerk of Courts on March 10, 2016.  That same day, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a).

We note that even with the November 30, 2015 timestamp, Smallis's concise statement appears to be untimely filed.  Generally, an untimely concise statement results in waiver.  ***See Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224-225 (Pa. Super. 2014) (*en banc*).  Here, based on the record before us, it is unclear whether the prisoner mailbox rule would apply and further assessment would be necessary.  ***See Commonwealth v. Little***, 716 A.2d 1287, 1288 (Pa. Super. 1998); Pa.R.A.P. 1925(c)(1).  Moreover, the PCRA court inexplicably did not docket the statement for approximately three months.  Therefore, in the interests of judicial economy, and because the PCRA court addressed the claims in its Rule 1925(a) opinion, we will treat Smallis's concise statement as timely filed.

> 3. Did the court abuse it's [sic] discretion by permitting illegal activity to occur with the Moon Township Police Department and Attorney General's Office? Why was there illegal search and seizure of cellular telephone contents permitted five months prior to arrest on September 16, 2012, also violating [Smallis]'s constitutional rights (14th Amendment)[?]

Smallis's Brief at unnumbered 13.

Preliminarily, it merits mention that there are numerous procedural concerns we must consider before addressing the substantive issues. Initially, we must determine whether the present appeal is timely. The order from which Smallis appeals was dated September 1, 2015, and docketed two days later. Smallis is incarcerated, and her notice of appeal was docketed on October 9, 2015, which was well past the 30-day appeal period. *See* Pa.R.A.P. 903(a) ("[T]he notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken."). Generally, "[u]pon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." Pa.R.A.P. 905(a)(3). Here, a Rule to Show Cause was entered on November 17, 2015, requesting Smallis demonstrate why her notice of appeal was not untimely. Smallis filed a response on November 30, 2015.

Under the "prisoner mailbox rule," a *pro se* prisoner's document is deemed filed on the date she delivers it to prison authorities for mailing. *See generally, Commonwealth v. Wilson*, 911 A.2d 942, 944 n.2 (Pa.

Super 2006). However, to avail oneself of the mailbox rule, a prisoner must supply sufficient proof of the date of the mailing. *See Commonwealth v. Jones*, 700 A.2d 423 (Pa. 1997); *Commonwealth v. Perez*, 799 A.2d 848 (Pa. Super. 2002) (documentation required to support when notice of appeal was placed in the hands of prison authorities for filing).

Smallis did not date the notice of appeal, however the postmark on the envelope is dated October 1, 2015, which was within the 30-day appeal period. Furthermore, Smallis attached to her response to the rule to show cause, an approved Department of Corrections cash slip, dated September 29, 2015, asking the department to deduct for legal postage and to mail to the Allegheny County Clerk of Courts. Based on the record, and applying the "prisoner mailbox rule," we conclude that Smallis has provided sufficient proof that she filed a timely notice of appeal.

Second, "[c]rucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must [] determine whether the instant PCRA petition was timely filed." *Commonwealth v. Smith*, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. *Commonwealth v. Taylor*, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. *Id.*

*Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S. Ct. 2695 (U.S. 2014).

- 6 -

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). Here, Smallis's judgment of sentence became final 30 days after August 7, 2013, on September 6, 2013, when the time period within which to file a direct appeal expired. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113. Moreover, pursuant to Section 9545(b)(1), Smallis had one year from the date her judgment of sentence became final to file a PCRA petition, which would have been September 7, 2014.[7] ***See Taylor***, ***supra***. The instant petition was not submitted until July 27, 2015, making it patently untimely.

An untimely PCRA petition may, nevertheless, be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[7] September 6, 2014, fell on a Sunday. *See* 1 Pa.C.S. § 1908 (whenever the last day of the appeal falls on a weekend or a legal holiday, such day shall be omitted from the computation of time).

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Furthermore, a PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).[8]

As stated above, Smallis raises three issues in her statement of questions involved. Smallis's Brief at unnumbered 13. However, in the argument section of her brief, Smallis focuses her contention on the issue of whether the PCRA court denied her Fourth and Fourteenth Amendment rights because "it did not require prosecution to correct false, incomplete, manipulated information." **Id.** at unnumbered 16. Specifically, she complains that police conducted an illegal, warrantless search of her cellular phone during the investigation and no exception to the search warrant

_____

[8] Additionally, we note our well-settled standard of review. When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by evidence of record and is free of legal error. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." **Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted), *appeal denied*, 72 A.3d 600 (Pa. 2013).

requirement applied to the facts of the case. *Id.* at unnumbered 16-18. Moreover, Smallis states:

> This occured [sic] in enclosed affidavit where it states that phone was viewed but waited to get search warrant. Phone was viewed from 7-23 – 8-30-2012. Search warrant was not obtained until September 13 [or] 14, 2012. Claims were made that one item was viewed. Attorney General documents show that numerous items were viewed, written and created.

*Id.* at unnumbered 17.

We note Smallis's sparse allegation touches upon the governmental interference exception in Section 9545(b)(1)(i).[9] To establish the governmental interference exception, "the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

With regard to due diligence, we are guided by the following: "Due diligence demands that the petitioner take reasonable steps to protect h[er] own interests. A petitioner must explain why [s]he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly

---

[9] Moreover, we are mindful that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." *Commonwealth v. Lyons*, 833 A.2d 245, 252 (Pa. Super. 2003) (citation omitted), *appeal denied*, 879 A.2d 782 (Pa. 2005). It merits mention that Smallis's brief is disjointed and lacking at various points.

enforced." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted), *appeal denied*, 125 A.3d 1197 (Pa. 2015).

Here, the PCRA court found the following:

> [Smallis] first raises the governmental interference exception to the timeliness requirement. In order to meet this criteria, [Smallis] must establish that her failure to raise a claim previously was the result of interference by government officials. 42 P.S. § 9545(b)(1)(i). [Smallis] makes no coherent legal argument in support of her claim. [Smallis] makes a variety of blanket statements alleging that search warrants may or may not have been obtained and information was withheld from her. These statements are incorrect, incoherent, and vague. [Smallis] is required to plead and prove [her] assertions by a preponderance of the evidence. **Commonwealth v. Rivers**, 786 A.2d 923, 927 (Pa. 2001). Th[e PCRA c]ourt may not exchange its role of neutral arbiter to advocate or develop [Smallis]'s deficient claims. [Smallis] did not adequately plead or prove any assertions, therefore, the governmental interference exception to the PCRA timeliness requirement does not apply.

PCRA Court Opinion, 3/10/2016, at 4.

We agree with the court's well-reasoned analysis. Moreover, Smallis has failed to demonstrate that she acted with due diligence in acquiring the information regarding the purported governmental interference. Likewise, she does not explain why she could not have learned about the governmental interference earlier with the exercise of due diligence. **Brown**, 111 A.3d at 176. Indeed, in her brief, she has failed to supply the court with any specific facts to support her assertion. Additionally, in her PCRA petition, she merely states: "Information was not in discovery. I

didn't even know this information existed" and "[l]egal documents [were] received by mistake." Smallis' Pro Se PCRA Petition, 7/27/2015, at 4-5.

Further, it merits mention that Smallis entered a negotiated guilty plea, and therein, would have waived any ability to challenge the suppression of the allegedly improper search warrant. **Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991) (noting that when a defendant has entered a negotiated guilty plea, her plea "amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea."). Furthermore, in her summary of argument, Smallis asserts that the trial court "along with Jessica Herndon (Public Defender) did deceive and exersized [sic] unprofessional and ineffective conduct by not examining the contents and data provided by the Attorney General's Office." Smallis's Brief at unnumbered 14. By her own acknowledgment, Smallis admits counsel was provided with the relevant discovery material by the Commonwealth. Any claim of ineffectiveness, however slight in the present matter, does not overcome the timeliness exceptions to the PCRA. **See Commonwealth v. Robinson**, 139 A.3d 178, 182 (Pa. 2016) (noting "the well-settled proposition that couching post-conviction issues in terms of ineffectiveness cannot 'save' an untimely filed PCRA petition that does not fall into any of the exceptions to the PCRA's jurisdictional time bar.").

- 11 -

As such, Smallis has failed to sufficiently develop her governmental interference claim. Accordingly, we conclude she has failed to prove she qualifies for an exception to the PCRA's time bar. Therefore, we find the PCRA court did not err in dismissing her petition as untimely, and the court was without the jurisdiction to further consider the matter.

With respect to Smallis's motion asserting a conflict of interest, she baldly and nonsensically states:

> Brief for Appellee was submitted by: Gregory J. Simatic Deputy Attorney General which is the same office that my complaint is against.
>
> The Attorney General's Office is representing the Commonwealth of Pennsylvania and formed an opinion without adequate basis.

Motion of Conflict of Interest, 6/8/2016.

We note that Smallis raises this issue for the first time on appeal. Accordingly, it is waived for failure to raise it with the PCRA court. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *see also* 42 Pa.C.S. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so … in a prior state postconviction proceeding."). Assuming *arguendo* Smallis did not waive the issue, she has not met her burden in establishing there was a conflict of interest.

Our standard of review is well-settled:

> Absent an abuse of discretion, we are constrained to accept the trial court's finding that there was no conflict of interest. *See*

> ***Commonwealth v. Khorey***, 521 Pa. 1, 555 A.2d 100, 110
> (1989). A "prosecution is barred when an actual conflict of
> interest affecting the prosecutor exists in the case; under such
> circumstances a defendant need not prove actual prejudice in
> order to require that the conflict be removed." ***Eskridge***,
> [***supra***, at 702]. Mere allegations of a conflict of interest,
> however, are insufficient to require replacement of a district
> attorney. ***See Commonwealth v. Mulholland***, 549 Pa. 634,
> 702 A.2d 1027, 1037 (1997).

***Commonwealth v. Stafford***, 749 A.2d 489, 494 (Pa. Super. 2000), *appeal denied*, 795 A.2d 975 (Pa. 2000). As stated above, Smallis merely alleged there was a conflict of interest and presented no further explanation or specific evidence of prejudice on the part of the deputy attorney general. Accordingly, Smallis's argument would not be meritorious, and we decline to address her motion further.

Order affirmed. Motion of conflict of interest denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2016

- 13 -